FILED
SUPERIOR COURT
OF GUAM

2019 JAN 15 AM 10 45

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SACHIKO HASHIGUCHI,<br><br>                             Plaintiff,<br><br>vs.<br><br>VICENTE C. BORJA,<br><br>                        Defendant. | Case No. DM0293-18<br><br>**ORDER** |

### INTRODUCTION

Defendant contests a divorce settlement agreement that the parties reached privately. This matter is before the Honorable Michael J. Bordallo. Plaintiff Sachiko Hashiguchi ("Plaintiff") is represented by Curtis C. Van de veld, Esq. of The Vandeveld Law Offices, P.C. Defendant Vicente C. Borja ("Defendant") is represented by Daniel S. Somerfleck, Esq., of Somerfleck & Associates, PLLC.

### BACKGROUND

This matter arises out of Plaintiff's Complaint for Divorce ("Complaint") on May 17, 2018. That same day, Plaintiff requested that the Court waive the waiting period so that the final divorce decree could be immediately granted. Also that day, Defendant, appearing pro se, filed a statement of non-opposition to Plaintiff's application to waive time, along with Defendant's

Answer and Uncontested Consent to Divorce ("Answer"). Also that day, Plaintiff submitted an Interlocutory Judgment of Divorce and a Final Judgment of Divorce for signature by the Court. A week before submitting the Complaint, the parties privately drafted a Marital Settlement Agreement ("Agreement"), which Defendant and Plaintiff both executed before a notary on May 9, 2018 and May 10, 2018, respectively. The executed Agreement was appended to the Interlocutory Judgment of Divorce. On June 18, 2018, Defendant, now with counsel, submitted Defendant's Amended Answer to Complaint for Divorce and Counterclaim ("Amended Answer and Counterclaim"), contesting portions of the Agreement, most significantly, the spousal support, and moving the Court to make an equitable distribution of the parties' community property. Plaintiff did not file a reply to the counterclaim. Defendant filed the Amended Answer and Counterclaim prior to the magistrate judge signing either the Interlocutory Judgment of Divorce or the Final Judgment of Divorce. At that point, the case became a contested divorce case, so it was reassigned to the current judge. On July 19, 2018, Plaintiff submitted Legal Memorandum in Support of Entry of the Interlocutory Judgment and Final Decree of Divorce ("Memorandum"), explaining that the Court should grant the divorce and approve the property distribution set out in the Agreement. In the Memorandum, Plaintiff made no motion to the Court, but stated at the end of the memorandum, "There simply is no reason to delay the granting of the divorce and the property distribution of the Marital Settlement Agreement may not be altered." Memorandum 5. The Court held a status conference on Aug. 14, 2018. On Sep. 18, 2018, Defendant filed an opposition to the Memorandum. On Sep. 21, 2018, Plaintiff filed a reply to that opposition. The Court then took the matter under advisement.

## FACTS

1. Plaintiff and Defendant were married on March 7, 2007 in Saipan, CNMI. Compl. For Divorce 1.

2. They separated April 18, 2018 after eleven years and one month of marriage. Id.

3. There are no children of the marriage. Def.'s Am. Answer to Compl. For Divorce and Countercl. 2.

4. A month after separating, on May 17, 2018, Plaintiff filed a Complaint for Divorce ("Complaint"). Compl. For Divorce.

5. About two weeks before filing the Complaint, on May 5, 2018, Defendant sent Plaintiff a text message stating: "I will write in paper that I will pay you 2000.00 monthly. After we get it notorize [sic]." Decl. of Pl. Sachiko Hashiguchi 5, Sep. 21, 2018.

6. A week before filing the Complaint, Plaintiff, with counsel, prepared and signed before a notary a Marital Settlement Agreement ("Agreement") which Defendant also signed before a notary, without the assistance of counsel. Interlocutory J. of Divorce, Marital Settlement Agreement 14 (appended to Interlocutory Judgment of Divorce).

7. In the Agreement, Defendant agreed to pay spousal support as follows:

> The parties have agreed that the Defendant shall pay Spousal Support to the Plaintiff in the amount of Two Thousand Dollars and 00/100 ($2,000.00), per month, on or before the end of each month, either the 28th, 30th, or 31st of each month, commencing May 30, 2018. Defendant shall make a deposit into Plaintiff's Account, each month, up until either party's lives expire. Defendant shall deposit the spousal support payment into Plaintiff's First Hawaiian Bank Savings Account, under her name. In the event Defendant fails to remit said Spousal Support payment for three (3) consecutive months, Defendant is required to transfer his interest in the business, Access Transport, back to Plaintiff, immediately, thereafter, granting the Plaintiff 100% control and interest in the business, Access Transport. Agreement 2, 3.

8. In addition, in the Agreement, Defendant agreed to pay taxes as follows:

> The Parties shall file separate tax returns for tax year ending December 31, 2018. However, the Parties agree that the Defendant shall be solely liable for any and all tax liabilities for tax year ending 2017, 2018 and all years thereafter, if any. Additionally, Defendant has agreed to be solely liable

for any and all tax liabilities associated with Access Transport, for tax year ending 2018, and all subsequent years. Agreement 3.

9. On June 18, 2018, a month after filing the Complaint, Defendant contested the divorce with the aid of counsel, in spite of originally granting uncontested consent as a pro se Defendant the day the Complaint was filed. Def.'s Am. Answer.

10. With regard to his business and income, in 2010, Defendant formed the business Access Transport ("Access"), a transportation service for persons with disabilities. Defendant states that he has always been the only full-time employee of Access. Decl. in Supp. of Opp'n to Entry of Interlocutory J. and Final Decree of Divorce 2, Sep. 18, 2018.

11. Plaintiff states that she provided an unspecified amount of financial support for Defendant to start Access and that both she and Defendant worked in the business. Decl. of Pl. Sachiko Hashiguchi 2.

12. Plaintiff claims that on April 16, 2018, two days before the parties separated, she removed $56,000.00 from the business account of Access. She states, "Within a few days I deposited $12,000.00 that same day or within a few days after that day." Id. She does not state where she deposited the $12,000.00.

13. Plaintiff states that she used another $8,000.00 from the $56,000.00 to pay income taxes, leaving her with a total of $36,000.00 from the original $56,000.00. Id. The location of the $36,000.00 is not clear.

14. Plaintiff claims that Defendant was aware of the withdrawal before signing the Agreement. Id.

15. Defendant claims that the amount Plaintiff withdrew was $57,170.00. Def.'s Am. Answer 2.

16. Defendant estimates the total value of Access transportation equipment to be $60,000.00, which includes two wheelchair vans, a 2016 Dodge and a 2014 Ford E150. Decl. in Supp. of Opp'n to Entry of Interlocutory J. and Final Decree of Divorce 2.

17. The total current value of Access has not been submitted to the Court, and neither party has disclosed the monthly revenue or profits of the business or the amount of income the parties receive from Access.

18. Defendant states that Access provides his only source of income, Id. at 1, and that the income is very inconsistent and could decrease at any time, and is solely dependent on him continuing to work extended days each day. Id. at 2.

19. Defendant states that both he and Plaintiff have the ability to support themselves. Def.'s Am. Answer 3.

## ISSUE

1.  Whether Defendant properly followed GRCP Rule 15 in filing the Amended Answer and Counterclaim.

## PRINCIPLES OF LAW

Rule 7(a) of the Guam Rules of Civil Procedure (GRCP) states:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

Guam R. Civ. P. 7(a). Regarding counterclaims, Rule 13 of GRCP states,

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim

and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Id. at 13(a). In addition, Rule 12 states, "The plaintiff shall serve a reply to a counterclaim in the answer within 20 days after service of the answer, or, if a reply is ordered by the court, within 20 days after service of the order, unless the order otherwise directs." Id. at 12(a). Lastly, Rule 15 states, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served." Id. at 15(a). GRCP Rule 15(a) also states: "leave [to amend] shall be freely given when justice so requires." Id. The Supreme Court of Guam has stated that GRCP Rule 15(a) "is governed by a liberal policy, weighted in favor of granting amendment. (citations omitted). The rule bestows upon a plaintiff a right, albeit a qualified one, to have his or her valid claim heard on the merits." M Elec. Corp. v. Phil-Gets (Guam) Int'l Trading Corp., 2016 Guam 35, ¶ 53. The Supreme Court of Guam has also stated, "Federal courts grant leave to amend liberally and deny a request to amend only when an apparent reason for denying the amendments exists." Id. at ¶ 42. The Supreme Court of Guam further stated that "outright refusal to grant the leave without any justifying reason amounts to an abuse of the trial court's discretion and is inconsistent with the spirit of the rules of procedure." Id. (See Foman v. Davis, 371 U.S. 178, 182 (1962)).

## ANALYSIS

Defendant failed to follow GRCP Rule 15 in filing his Amended Answer and Counterclaim. Defendant filed his original Answer to the Complaint on the same day as the Complaint, May 17, 2018. No reply to the Answer was required, and the action had not been placed upon the trial calendar. Pursuant to Rule 15 of GRCP, Defendant was therefore free to

amend the Answer only if he did so within 20 days after the Answer was served. Instead, he waited 32 days until June 18, 2018 to file his Amended Answer and Counterclaim. Filing the Amended Answer and Counterclaim in spite of missing this deadline is not permitted. Therefore, the Court strikes the Amended Answer and Counterclaim. However, in light of legislative policy and case law that favors courts liberally granting leave to amend pleadings, this Court will permit Defendant to, within 15 days after service of this order, move the Court for leave to file an amended answer, in spite of missing the 20-day deadline.

### CONCLUSION AND ORDER

For the reasons set forth above, the Court **PERMITS** Defendant to, within 15 days after service of this order, move the Court for leave to file an amended answer to his original Answer, filed on May 17, 2018. If no motion is filed, the Court will grant Plaintiff's request for the Court to sign the Interlocutory Judgment of Divorce and Final Judgment of Divorce.

SO ORDERED, this ___15___ day of _____ 2019.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
VAN DE VELD
SHIMIZU
Date: 1/15/19    Time: 11/4m

Deputy Clerk, Superior Court of Guam